# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**XEROX CORPORATION,**

    **Plaintiff,**

    v.

**PEDRO T. ROSARIO GONZÁLEZ D/B/A ROSARIO SIGN, INC; his wife, WALESKA GOZÁLEZ MARRERO; and their CONJUGAL PARTNERSHIP**

    **Defendants.**

Civil No. 19-1674 (ADC)

## **OPINION AND ORDER**

Before this Court is Xerox Corporation's motion for attorney's fees. **ECF No. 21**. For the following reasons, plaintiff's motion is **GRANTED**.

## I. Background

Xerox Corporation ("plaintiff") filed a complaint on July 15, 2019 against Pedro T. Rosario-González d/b/a Rosario Sign, Inc. ("defendant") for breach of contract. **ECF No. 1**. On November 11, 2019, the Court granted judgement by default in favor of plaintiff. **ECF No. 18**. On December 23, 2020, plaintiff presented a motion for Attorney's Fees. **ECF No 21**. The defendant did not appeal or otherwise move for relief of default Judgement.

## II. Legal Standard

Federal Rules of Civil Procedure provide that a motion moving for attorney's fees must:

> (i) be filed no later than 14 days after the entry of judgement; (ii) specify the judgement and the statute, rule, or other grounds entitling the movant the award;

>    (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54 (2)(B). Per the "American Rule", practiced in the United States, "parties are ordinarily required to bear their own attorney's fees- the prevailing party is not entitled to collect from the looser." *MB Auto Care Management, Inc. v. Plaza Carolina Mall, L.P. 755* F.Supp.2d 382 (2010) (citing *Buckhannon v. West Va. Dept. of Health*, 532 U.S. 598, 602, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)). Thus, "a prevailing party is prohibited from requiring the loosing party to pay for attorney's fees unless there is a statute or enforceable contract providing attorney's fees." *Rodriguez–Torres v. Gov't Dev. Bank of P.R.*, 708 F.Supp.2d 195, 198 (D.P.R.2010).

## III.   Discussion

Plaintiff filed a timely motion moving for attorney's fees within the 14 days required after entry of judgement by Fed. R. Civ. P. 54 (2)(B). **ECF No. 21.** Plaintiff requests the amount of $6,603.75 in attorney's fees and attaches an Exhibit outlining the costs of litigation in line with the requirements under Fed. R. Civ. P. 54. **ECF No. 21-1**. *MB Auto Care Management, Inc. v. Plaza Carolina Mall, L.P. 755* F.Supp.2d 382 (2010).  It argues that under section 17 of both Lease Agreements, defendant agreed to "[p]ay all reasonable costs *including attorney's fees*, incurred by Xerox to enforce this Agreement." (emphasis ours) **ECF No. 1.** Thus, defendant is contractually bound to pay attorney's fees arising out this litigation, and therefore contract provides valid grounds for plaintiff to seek attorney's fees. *Rodríguez–Torres v. Gov't Dev. Bank of P.R.*, 708 F.Supp.2d 195, 198 (D.P.R.2010). More so, considering the description of litigation costs, the total

amount billed appears to provide a fair estimate and a reasonable claim. As such, this Court finds that plaintiff is entitled to attorney's fees.

IV. **Conclusion**

Based on the above, Xerox Corporation's motion to collect attorney's fees is **GRANTED**. **ECF No**. **21.** The Clerk of the Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 1st day of July, 2021.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**